AMMON–STIVERS MIN. CO. v. GREAT NORTHERN MINING & DE-
VELOPMENT CO.

(Circuit Court, S. D. New York.  October 10, 1902.)

1. EQUITY JURISDICTION—SUFFICIENCY OF BILL.
    A bill *held*, as against a demurrer, to state a cause of action in equity to charge defendant as trustee with respect to mining property, on the ground that the person from whom defendant acquired title obtained the same while acting as receiver of the property and in violation of his duty to complainant, to conserve whose interests as owner he was appointed..

In Equity.  On demurrer to amended bill.

Rollin C. Wooster, L. J. Morrison, and Peter C. DeWolf, for complainant.

Shearman & Sterling and John A. Garver, for defendant.

TOWNSEND, Circuit Judge. The complainant alleges that on June 25, 1895, it was the owner and in full possession of certain mining claims and real estate in Montana; that the work required by law upon the mining claims was thereafter performed and the requisite affidavits duly filed; that thereafter, in 1895, judgment in foreclosure upon mechanics' liens which had accrued while another corporation was in possession, but not the owner, was rendered, and the right and title of the complainant to the value of part of the property was sold under execution under said judgment, and that, although the purchasers acquired no rights by virtue of said sale, they took possession; that on or about June 15, 1896, complainant's president went to Montana, and was endeavoring to raise money to meet the demands of said intruders, when one L. G. Phelps represented to him that if it would employ W. W. Phelps, brother of said L. G. Phelps, as complainant's attorney in an action which had been commenced to recover the possession of said property, and would consent that said L. G. Phelps should be appointed receiver, he would furnish money to meet the demands of said intruders and to protect the property and secure to complainant possession thereof; that said proposal was accepted and carried into effect, so far as the change of attorneys and the appointment of the receiver,

and that a suit was commenced by said W. W. Phelps for the complainant; that said L. G. Phelps qualified as receiver; that said suit was not pressed; that thereafter, in 1896, said L. G. Phelps bought the title to the property, individually, upon sheriff's sale, for $219.61 on a judgment for $209.30, of which complainant had no notice, in a suit in which legal service had not been made; that, the entry of judgment in said suit being regular upon its face, under the laws of Montana the court which has rendered the judgment is without jurisdiction to set it aside as against the defendant herein, defendant having acquired its title since said suit; that, while said L. G. Phelps was receiver, he further endeavored to cloud the title of complainant in the property by employing one Littlejohn to relocate a former mining claim upon it, although there was no legal ground for a relocation; that thereafter a firm claiming to have made some arrangement with alleged lienors of said property were allowed by said Phelps while receiver to assume possession thereof, and that in 1897 a receiver was appointed in an action brought against said firm, and that said L. G. Phelps arranged to purchase said property from said firm and obtain all its rights for a consideration not exceeding $15,000, and that thereupon the last-mentioned receiver was discharged, and that the complainant had no knowledge of the said acts and doings of L. G. Phelps until some time in the year 1900; that said L. G. Phelps on March 15, 1897, caused a petition signed by him, and representing that there was no further occasion for his receivership, and an order discharging him as receiver, both dated October 24, 1896, to be filed in the court in which he was appointed, which petition falsely stated that the dangers which necessitated his former receivership had ceased to exist, whereas, in fact, they had increased; that complainant had no knowledge of said order discharging said L. G. Phelps as receiver until the year 1901; that, previous to the application for said order discharging said L. G. Phelps as receiver, he had acquired in his individual name the title to most of complainant's property, and that shortly after the entry of said order he openly took title thereto in his own name; that he shortly after commenced to operate said property, and realized more than $75,000 from said operation; that in the summer of 1897 he made arrangements with the incorporators of the defendant to convey to them the property; that about August 1, 1898, defendant was incorporated, and that thereafter said L. G. Phelps conveyed or caused to be conveyed all of said property belonging to complainant to said defendant; that on or about March, 1899, defendant began to operate the mines and extract ore therefrom, and since that time has taken from the mines gold bullion in excess of $1,500,000, and that the value of the ore in one mining claim is $6,000,000, and the value of another mining claim in said property is at least $2,000,000; that defendant and its incorporators and officers had notice of the equitable title of complainant by reason of the facts aforesaid; that said L. G. Phelps is without the jurisdiction of the United States.

Defendant insists that the allegation of title in the defendant is an allegation of matter of law, and that the facts whereby defend-

ant acquired title should be fully and sufficiently stated; that on the face of the complaint complainant has title and an adequate remedy at law by suit in ejectment; that no facts justifying the interposition of a court of equity exist; and that the complainant has not sufficiently excused his delay in bringing this action.

While it seems very doubtful whether complainant upon the hearing will be able to establish sufficient facts to fix upon the defendant the character of a trustee of the complainant, and very probable that it may be estopped by delay in asserting its rights during the time the property was being developed and its value proved, yet, upon the allegations, the acts of said Phelps, in acting for his own individual interest against the parties whose interest as receiver he was bound to protect, were contrary to his official duty, and the proceedings of himself and his brother as an attorney as alleged were contrary to the duty which they owed to the complainant..

The demurrer is overruled, and the defendant required to answer. The question of laches, as well as all the other questions involved, can better be decided when the facts are fully proved on final hearing.